### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Christine M. Arguello

Civil Action No. 13-cv-00355-CMA-KLM

MICHAEL C. STEEN,

    Plaintiff,

v.

[No Named Defendant],

    Defendant.

___

### ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION
___

This matter is before the Court on Plaintiff Michael C. Steen's "Articles of Impeachment Pleading." (Doc. # 1.) In this pleading, Plaintiff seeks to impeach the duly elected President of the United States, Barack Obama.

"Standing is a component of this [C]ourt's jurisdiction, and [the Court is] obliged to consider it *sua sponte* [if there is a question as to standing] to ensure the existence of an Article III case or controversy." *See Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1176 (10th Cir. 2009). To demonstrate standing, a plaintiff must satisfy three elements: (1) injury in fact; (2) causation; and (3) redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Moreover, a litigant's interest cannot be based on the "generalized interest of all citizens in constitutional governance." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 217 (1974).

In order to satisfy the first prong of the standing inquiry, Plaintiff must demonstrate the "invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560-61. Plaintiff's Complaint contains no allegations concerning any specific harm that he has suffered as a result of President Obama's presidency. Instead, Plaintiff's dispute with the President is merely a generalized grievance that is not sufficient to satisfy the first prong of the standing inquiry. *Drake v. Obama*, 664 F.3d 774, 782 (9th Cir. 2011) (holding that federal taxpayers lack standing to bring suit that President Obama is ineligible for the presidency). Because Plaintiff has suffered no legally cognizable injury, Plaintiff necessarily fails to satisfy the other two prongs of the standing inquiry, as there is no injury that can be traced to the complained about conduct, nor is there an injury that could be redressed by a favorable decision.

Even if Plaintiff was able to demonstrate some particular injury, there is no possibility that the injury could be "redressed by a favorable decision" of this Court. *See Lujan*, 504 U.S. at 561. This is because the United States Constitution grants to Congress the sole power of impeachment of the President. *See* U.S. Const. art. I, § 3, cl. 6 ("The Senate shall have the sole Power to try all Impeachments. When sitting for that Purpose, they shall be on Oath or Affirmation. When the President of the United States is tried, the Chief Justice shall preside: And no Person shall be convicted without the Concurrence of two thirds of the Members present."). The Supreme Court has held that the text of the impeachment clause evinces a purposeful decision by the framers of

the Constitution to commit the power of impeachment to the legislative breach.  *See*

*Nixon v. United States*, 506 U.S. 224, 235-36 (1993).  Thus, this Court has not "the

power nor the right to redress [Plaintiff's] injury by removing a sitting President from

office."  *Barnett v. Obama*, No. 09-0082, 2009 WL 3861788, at *16 (C.D. Cal. Oct. 29,

2009).

     Accordingly, it is ORDERED that Plaintiff's "Articles of Impeachment Pleading"

(Doc. # 1), and this case, are DISMISSED.

     DATED:  February __12__, 2013

                          BY THE COURT:

                          _____
                          CHRISTINE M. ARGUELLO
                          United States District Judge